# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

UNITED STATES OF AMERICA,            )
                                     )
                    Plaintiff,       )
                                     )
v.                                   )        No. 3:24-CR-87-KAC-DCP
                                     )
LASHAWN FREEMAN and                  )
MATEO JAMES,                         )
                                     )
                    Defendants.      )

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Lashawn Freeman's Second Motion to Continue Trial Date [Doc. 50], filed on September 11, 2025.

Defendant requests the Court to continue the trial date, scheduled for October 21, 2025 [*Id.* ¶ 1]. In support of his motion, Defendant notes there are two pending Motions to Suppress and that the case was recently reassigned to the undersigned [*Id.* ¶ 2]. Defendant states the parties cannot have a suppression hearing, make any required post-hearing filings, receive a Report and Recommendation, and make any necessary objections to the District Judge prior to the current trial date [*Id.* ¶ 2]. Finally, Defendant argues that a decision on the suppression motion is necessary to assist Defendant in determining the best path toward a resolution of the case [*Id.* ¶ 3]. Defendant understands that the period of time between the filing of this motion for continuance and a rescheduled trial date shall be fully excludable for speedy trial purposes [*Id.* ¶ 5]. The Government does not oppose the request for a continuance [*Id.*]. Furthermore, Co-Defendant Mateo James filed

a Motion to Join Co-Defendant's Motion to Continue [Doc. 50], requesting to join in the motion and acknowledged the impact on his speedy trial rights [Doc. 51 p. 1].

Based upon the information in Defendant's motion and because the Government and Co-Defendant James does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). The undersigned will hold hearings on the two motions to suppress, and will prepare a report and recommendation, after which the parties will file objections and responses, and the District Judge will rule on the motion considering the report and recommendation and the parties' filings. *See id.* § 3161(h)(1)(D) & (h)(1)(H). The Court finds that all of this cannot occur before the October 21, 2025 trial date.

The Court therefore **GRANTS** Defendant Lawshawn Freeman's Second Motion to Continue Trial Date [**Doc. 50**] and Defendant Mateo James' Motion to Join Co-Defendant's Motion to Continue [**Doc. 51**]. The trial of this case is reset to **April 7, 2026**. A new, comprehensive trial schedule is included below. Because the Court finds that the ends of justice are served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on September 11, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)– (B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Lashawn Freeman's Second Motion to Continue Trial Date [**Doc. 50**] and Defendant Mateo James' Motion to Join Co-Defendant's Motion to Continue [**Doc. 51**] are **GRANTED**;

(2) the trial of this matter is reset to commence on **April 7, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **September 11, 2025**, and the new trial date of **April 7, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **March 6, 2026**;

(5) the deadline for filing motions *in limine* is **March 23, 2026**. Responses to motions *in limine* are due on or before **March 31, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **March 24, 2026, at 11:00 a.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **March 27, 2026.**

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge