UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:24-CR-87-KAC-DCP |
| | ) | |
| MATEO BJORN JAMES, | ) | |
| LASHAWN MARQUIZE FREEMAN, | ) | |
| JACQUES THRON MARCUS, and | ) | |
| DILLON DAUGHERTY, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Mateo James's Unopposed Motion to Continue and to Extend Deadlines [Doc. 122], filed on March 4, 2026.

Defendant James asks the Court to continue the April 7, 2026 trial date and the March 6, 2026 plea deadline [*Id.* ¶ 1]. As grounds, Defendant states the parties need additional time for plea negotiations [*Id.* ¶ 2]. Defendant also awaits resolution of his pending motion to suppress evidence, "the resolution of which will inform both plea negotiations and trial strategy" [*Id.* ¶ 3]. Defendant James understands that the length of this continuance would be excluded from the speedy trial calculation [*Id.* ¶ 5]. The motion relates that the Government does not oppose the requested continuance [*Id.* ¶ 6]. Defendants Freeman [Doc. 124)] and Marcus [Doc. 126] also do not oppose a continuance.[1] Defendant "Freeman understands his speedy trial rights and hereby waives those

_____

[1]    Codefendant Andrew Compton also filed a Notice of No Objection to Motion to Continue the Trial Date and Extend All Unexpired Deadlines [Doc. 125].  Defendants Compton [Doc. 120], Caleah Smith [Doc. 114], and Alexa Robles [Doc. 134] have plea agreements and are scheduled for change of plea hearings before the District Judge.

rights" [Doc 124 p. 1]. Defendant Marcus agrees that the time until the new trial date is excludable under the Speedy Trial Act. [Doc. 126 p. 1]. Counsel for Defendant Daugherty confirmed by email to Chambers that Defendant is aware of his speedy trial rights and does not object to a trial continuance.

Based upon the information in Defendant James's motion, and because neither the Government nor the codefendants oppose a continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). The undersigned held an evidentiary hearing on pending suppression motions for Defendants James and Freeman [Doc. 55, Minutes]. Once the undersigned prepares a report and recommendation on the pending motions, the parties will need time to file and respond to objections and the District Judge will need time to rule. *See id*. § 3161(h)(1)(H). Additionally, defense counsel for Defendant Daugherty, who first appeared on March 12, 2026, needs time to review discovery, assess the need for pretrial motions,[2] and prepare for trial. The parties also seek additional time to engage in plea negotiations. If plea negotiations ultimately prove unfruitful, counsel will need time to prepare for trial. The Court finds that all of this cannot occur before the April 7, 2026 trial date.

---

[2]     At his March 12, 2026 initial appearance, the undersigned set a deadline for pretrial motions for Defendant Daugherty of **April 9, 2026** [Doc. 127, Minutes].  Responses to motions by this Defendant are due on or before **April 23, 2026** [*Id.*].

The Court therefore **GRANTS** Defendant James's Unopposed Motion to Continue and Extend Deadlines [**Doc. 122**]. The trial of this case is reset to **August 18, 2026**. A new trial schedule is included below. Because the Court finds that the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial, all time between the filing of Defendant James's motion on March 4, 2026, and the new trial date is fully excludable under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(1)(H); & (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Mateo James's Unopposed Motion to Continue and Extend Deadlines [**Doc. 122**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **August 18, 2026, at 9:00 a.m.**, before the Honorable Katharine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **March 4, 2026**, and the new trial date of **August 18, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **July 17, 2026**;

(5) the deadline for filing motions *in limine* is **August 3, 2026**, and responses to motions *in limine* are due on or before **August 11, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **August 4, 2026, at 11:30 a.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **August 7, 2026**.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge

3