UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,           )
                                    )
                  Plaintiff,        )
v.                                  )          No. 3:24-CR-87-KAC-DCP
                                    )
MATEO BJORN JAMES,                  )
LASHAWN MARQUIZE FREEMAN, and       )
JACQUES THRON MARCUS,               )
                                    )
                  Defendants.       )

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Mateo James's Unopposed Motion to Continue and to Extend Deadlines [Doc. 166], filed on June 27, 2026.

Defendant James asks the Court to continue the August 18, 2026 trial date and the July 17, 2026 plea deadline [*Id.* ¶ 1]. As grounds, Defendant avers that this case is complex, requiring defense counsel to undertake extensive investigation, which is ongoing [*Id.* ¶ 2]. Additionally, Defendant states the parties need additional time for plea negotiations [*Id.*]. Defendant also awaits resolution of his pending motion to suppress evidence, "the result of which will inform both plea negotiations and trial strategy" [*Id.* ¶ 3]. Defendant James understands that the length of this continuance would be excluded from the speedy trial calculation [*Id.* ¶ 5]. The motion relates that the Government does not oppose the requested continuance [*Id.* ¶ 6]. Defendant Jacques Marcus

[Doc. 170] also does not oppose a continuance.[1] Defendant Marcus states that he understands his right to a speedy trial and waives his speedy trial rights for the purposes of the motion to continue [*Id*. at 1].

Defendant Freeman objects to the Motion to Continue and "asserts all rights to a Speedy Trial under the Sixth Amendment . . . and the Speedy Trial Act" [Doc. 171 p. 1]. In response, the Government argues that the undersigned may continue the trial over Defendant Freeman's summary objection because he is joined for trial with Defendant James, who reasonably seeks additional time for resolution of his pending suppression motion and to complete trial preparations [*Id*. at 1–2]. It notes that Defendant Marcus joins in a trial continuance "'to assure that [Defendant] Marcus receives effective assistance of counsel'" [*Id*. at 2 (quoting Doc. 170 p. 1)]. The Government observes that Defendant Freeman also has a pending suppression motion which he does not seek to withdraw [*Id*. at 1]. The Government asserts that by filing a pretrial motion, Defendant Freeman "assumed the risk of delay inherent in the Court's deliberateness to resolve the motions" [*Id*. at 1–2 (citing *United States v. Schuster*, 135 F.4th 1037, 1050 (6th Cir. 2025)]. It maintains that counsel for Defendants James and Marcus have acted with due diligence and that the Speedy Trial Act permits delay to ensure the reasonable time needed for counsels' effective preparation [*Id*.].

In consideration of the parties' filings, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18

---

[1] Codefendant Andrew Compton also filed a Notice of No Objection to Motion to Continue the Trial Date and Extend All Unexpired Deadlines [Doc. 168]. Defendant Compton had a change of plea hearing before the District Judge on April 10, 2026 [Doc. 152, Minutes] and is scheduled for a sentencing hearing on August 28, 2026, at 1:00 p.m. [*id*.].

2

U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). The undersigned held an evidentiary hearing on pending suppression motions for Defendants James and Freeman [Doc. 55, Minutes]. These motions remain under advisement, and once the undersigned prepares a report and recommendation on the pending motions, the parties will need time to file and respond to objections and the District Judge will need time to rule. *See id*. § 3161(h)(1)(H). Although Defendant Freeman wants to proceed to trial, he also wants to litigate his pretrial suppression motion, which raises multiple grounds for Fourth Amendment violations [*See* Doc. 31]. As the Government observes [Doc. 173 p. 1], the Speedy Trial Act excludes time for litigation of pretrial motions from their filing through their prompt disposition. *Id*. § 3161(h)(1)(D). Moreover, the Act excludes up to thirty days of time during which the Court "has a proceeding concerning the defendant . . . under advisement[.]" *Id*. § 3161(h)(1)(H). Moreover, delays associated with litigating pretrial motions are attributable to the defendant filing the motion, who "cannot leverage those delays into sustaining a speedy-trial claim." *United States v. Schuster*, 135 F.4th 1037, 1053 (6th Cir 2025) (analyzing a Sixth Amendment violation).[2]

---

[2] Defendant Freeman also summarily asserts his Sixth Amendment right to a speedy trial [Doc. 171 p. 1]. To determine whether pretrial detention runs afoul of the Sixth Amendment, courts employ a case-by-case "balancing test" evaluating four factors from *Barker v. Wingo* ("the *Barker* factors"): the length of the delay, the reason for the delay, whether the defendant timely asserted his speedy trial rights, and whether the defendant was prejudiced by the delay. *United States v. Allen*, 86 F.4th 295, 304 (6th Cir. 2023) (citing *Barker v. Wingo*, 407 U.S. 514, 530, 533 (1972)). No single factor is determinative but, instead, all four factors must be considered together, along with other relevant circumstances. *Barker*, 407 U.S. at 533. Here, Defendant has been detained for eighteen months awaiting trial. *See Allen*, 86 F.4th at 304 (observing that a one-year delay in trial triggers an evaluation of the remaining three factors from *Barker v. Wingo*, 407 U.S. 514, 530, 533 (1972)). Defendant makes no arguments regarding the factors, including no assertion of prejudice, thus, preventing a full analysis. Nevertheless, the undersigned observes that three of the four prior continuances in this case were on Defendant Freeman's motion [*see* Docs. 16, 24, & 50], and he

3

Additionally, "[w]hen 'multiple defendants are charged together and no severance has been granted, one speedy trial clock governs.'" *United States v. Grant*, No. 3:21-CR-44, 2022 WL 2116409, at *2 (6th Cir. June 13, 2022) (quoting *United States v. Cope*, 312 F.3d 757, 776 (6th Cir. 2002)); 18 U.S.C. § 3161(h)(6) (excluding "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted."). Here, Defendant Freeman is joined for trial with Defendant James, who reasonably seeks time to litigate his suppression motion and to prepare for trial. *See id*. § 3161(h)(6). The undersigned finds that all of this cannot occur by the August 18 trial date, even accounting for the exercise of due diligence. Instead, the undersigned finds a ninety-day continuance is reasonably necessary to conclude litigation of pretrial motions and for defense counsel to prepare for trial.

The Court therefore **GRANTS** Defendant James's Unopposed Motion to Continue and to Extend Deadlines [**Doc. 166**]. The trial of this case is reset to **November 17, 2026**.[3] A new trial schedule is included below. Because the Court finds that the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial, all time between the filing of Defendant James's motion on June 27, 2026, and the new trial date is fully excludable under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(1)(H); & (h)(7)(A)–(B).

---

had no objection [Doc. 124] to the fourth continuance. Moreover, "'it will be an unusual case in which the time limits of the Speedy Trial Act have been met but the Sixth Amendment right to speedy trial has been violated.'" *United States v. O'Dell*, 247 F.3d 655, 667 (6th Cir. 2001) (quoting *United States v. DeJesus*, 887 F.2d 114, 116 (6th Cir. 1989)). Accordingly, no violation of Defendant Freeman's Sixth Amendment right to a speedy trial is apparent from the record.

[3] In a scheduling email with Chambers, the Government expressed concerns regarding the continuity of counsel given the number of trials scheduled for Government's counsel during the timeframe of the November 17, 2026 trial date. It noted that if those concerns materialize, a motion may be forthcoming.

4

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Mateo James's Unopposed Motion to Continue and to Extend Deadlines [**Doc. 166**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **November 17, 2026, at 9:00 a.m.**, before the Honorable Katharine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **June 27, 2026**, and the new trial date of **November 17, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **October 16, 2026**;

(5) the deadline for filing motions *in limine* is **November 2, 2026**, and responses to motions *in limine* are due on or before **November 10, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **November 3, 2026, at 1:00 p.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **November 6, 2026**.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge

5